UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| The City of New Bedford, Massachusetts, | ) | |
| New Hampshire Commercial Fishermen's Association, | ) | |
| Paul Theriault, Chuck Weimer, | ) | |
| David Aripotch, Tempest Fisheries, LTD | ) | CIVIL ACTION |
| Grace Fishing, Inc. Richard Grachek | ) | NO. |
| Roanoke Fish Co., Inc. & the American Alliance of | ) | |
| Fishermen and Their Communities | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| The Honorable Gary W. Locke, | ) | |
| Secretary of Commerce and | ) | |
| Jane Lubchenco, Administrator of the | ) | |
| National Oceanographic and Atmospheric | ) | |
| Administration | ) | |
| | ) | |
| Defendants | ) | |

## BRIEF STATEMENT OF THE CASE

This is a challenge to regulations implementing Amendment 16 to the Northeast Multispecies Fishery Management Plan (the MFMP), promulgated on April 9, 2010, by the Secretary of Commerce, acting through the NOAA administrator.  Plaintiffs are the City of New Bedford and fishermen and fishing related businesses adversely affected by these regulations.  Plaintiffs contend that these regulations violate various provisions of the Magnuson Stevens Fishery Conservation and Management Act (FCMA), the United States Constitution and other statutes, as noted below.  Plaintiffs request that this matter be advanced for hearing at the earliest opportunity pursuant to 16 USC sec. 1855 (f)(4) and will move accordingly.

## PARTIES

1. Plaintiff, the City of New Bedford is a municipality located in the Commonwealth of Massachusetts, whose citizens and economy are heavily dependent upon the commercial fishing industry, including the Northeast Multispecies Fishery.

2. Plaintiff, New Hampshire Commercial Fishermen's Association, by and through Erik Anderson, represents the interest of commercial fishermen in the State of New Hampshire who participate in the Northeast Multispecies Fishery, and whose interests have been adversely affected by Amendment 16 to the Northeast Multispecies Fishery Management Plan.

3. Plaintiff, Paul Theriault is an individual, residing in Rockport, MA, who participates in the Northeast Multispecies Fishery, and whose interests have been adversely affected by Amendment 16 to the Northeast Multispecies Fishery Management Plan.

4. Plaintiff, Chuck Weimer is an individual, residing in Montauk, NY, who participates in the Northeast Multispecies Fishery, and whose interests have been adversely affected by Amendment 16 to the Northeast Multispecies Fishery Management Plan.

5. Plaintiff, David Aripotch is an individual, residing in Montauk, NY, who participates in the Northeast Multispecies Fishery, and whose interests have been adversely affected by Amendment 16 to the Northeast Multispecies Fishery Management Plan.

6. Plaintiff, Tempest Fisheries, LTD. is a business with a principal address in New Bedford, MA, which is financially dependent on the Northeast Multispecies Fishery, and whose interests have been adversely affected by Amendment 16 to the Northeast Multispecies Fishery Management Plan.

7. Plaintiff, Roanoke Fish Company, Inc. is a business with a principal address in Manns Harbor, NC, which is financially dependent on the Northeast Multispecies Fishery, and whose interests have been adversely affected by Amendment 16 to the Northeast Multispecies Fishery Management Plan.

8. Plaintiff, Grace Fishing, Inc. is a business with a principal address in Fairhaven, MA, which is financially dependent on the Northeast Multispecies Fishery, and whose interests have been adversely affected by Amendment 16 to the Northeast Multispecies Fishery Management Plan.

<mark/>
<mark/>
<mark/>
<mark/>
<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>
<mark/>
<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>

<mark/>
<mark/>

<mark/>

<mark/>
<mark/>
<mark/>
<mark/>
<mark/>
<mark/>
<mark/>

9. Plaintiff, Richard Grachek is an individual, residing in Stonington, CT, who participates in the Northeast Multispecies Fishery through his corporation RiverCenter Marine, LLC, owner of the F/V Anne Kathryn, and whose interests have been adversely affected by Amendment 16 to the Northeast Multispecies Fishery Management Plan.

10. Plaintiff, American Alliance of Fishermen and their Communities, acting through its President, Tina Jackson, of Wakefield, RI represents the interest of commercial fishermen and their communites, who participate in the Northeast Multispecies Fishery, and whose interests have been adversely affected by Amendment 16 to the Northeast Multispecies Fishery Management Plan.

11. Defendant Gary Locke is the Secretary of Commerce and is charged by the FCMA with carrying out the provisions of that statute, including promulgation of regulations to implement the Groundfish Fishery Management Plan.

12. Defendant Jane Lubchenco is the Administrator of the National Oceanic and Atmospheric Administration ("NOAA").  NOAA is an agency within the Department of Commerce and the Administrator is responsible for carrying out duties established by the FCMA concerning approval and implementation of fishery management plans.

**SUBJECT MATTER JURISDICTION**

13. The actions of Defendants are reviewable under § 1855 of the Fishery Conservation and Management Act ("FCMA," 16 U.S.C. § 1801, et seq.); § 4332 of the National Environmental Policy Act ("NEPA," 42 U.S.C. § 4321, et seq.); § 611 of the Regulatory Flexibility Act, 5 U.S.C. § 601, et seq.; Executive Order 12866; the Administrative Procedure Act, 5 U.S.C. §551, et seq., and § 701, et seq.; and 42 U.S.C. ə 1983 and the National Environmental Policy Act, 42 USC § 4321, et seq..  This court has jurisdiction of this action pursuant to those statutes and 28 U.S.C. §§1331, 1346, 2201 and 2202.

14. The plaintiffs are primarily fishermen and fishing boat owners, who make their living fishing in the waters of the United States Exclusive Economic Zone on the eastern shores of the United States, or business financially dependent on the said fisheries, all of whom have been adversely affected by governmental action. The City of New Bedford is a municipality dependent on the fishery whose economy, culture and citizenry are adversely affected by Amendment 16.

15. This action is timely under 15 U.S.C. §1855(f) because it has been brought within 30 days of the April 9, 2010 promulgation of regulations implementing Amendment 16.

## FACTS AND PROCEEDINGS

16. On April 9, 2010, NMFS published Amendment 16 to the Northeast Multispecies Fishery Management Plan (the "MFMP") adopted by Defendants under the FCMA, 16 U.S.C. § 1801, et seq.). The Multispecies fishery consist of a number of interrelated stocks, including cod, haddock, pollock, redfish and flounders, caught in the waters off of the east coast of the United States. The fishery has existed since the 1600s and was the primary historical fishery on the East Coast that led to the settlement of New England. It has been undergoing extensive rebuilding since 1994, and has substantially recovered. It continues to be subjected to additional restrictions, and landings are dropping and the size of the fleet continues to decline as it fails to achieve the scientifically approved annual catches on many stocks.

17. Amendment 16 implements certain Annual Catch Limits and Accountability Measures requiring closures of fisheries if catch limits on the fishery, or any subcomponent of the fishery, are exceeded. The Amendment also implements a so-called "Sector" program which purports to allow groups of fishermen an opportunity to avoid shut downs of fisheries caused by the fishing activity of others, by dividing fishermen into sectors and

allocating a portion of the Total Allowable Catch for each species within the Multispecies complex to each sector based on the historical fishing activity of the sector members.

18. The Sector Plan imposes requirements as well as costs and expense that are so extensive as to require expenditure of as much as $17,000 to $27,000 per vessel (in a fishery where gross landings per vessel are approximately $130,000) and create an atmosphere so hostile, fishing operations will be unable to continue and achieve any substantial yield. As a result it is anticipated that the regulatory burden force the fleet to consolidate, and reduce its numbers from 600 current active vessels (down from 1,400 in 1994) to as few as 100-200 vessels, forever altering the economies of coastal communities.

19. Amendment 16 measures do not meet applicable tests under the FCMA nor other applicable statutes. The new regulations impose overly restrictive limits on a fishery that is substantially rebuilt, see chart below:



20. In 2010, fishermen harvested less than 40% of the available Total Allowable Catch of groundfish set by NOAA/NMFS scientists, and are expected to land even less in the upcoming year.

21. Amendment 16 also created an allocation scheme which gave preferential treatment to two groups, in violation of the FCMA, and essentially devalued permits, previously based

on "Days at Sea" by shifting to a catch history based allocations.  This system is neither fair nor equitable and disenfranchises longtime fishermen, including those who have borne the greatest burden of conservation, in violation of FCMA.  Defendants approved a regulation that improperly allows some user groups to use their historical landings when they were unaffected by rebuilding requirements, or to calculate their historical catch based on their "best years" while limiting most of the commercial fleet to a long look back period, which has resulted in many fishermen being allocated far less than their recent history establishes.  This inequitable distribution expressly violates 16 USC § 1853(a)(14).  By devaluing permits, Amendment 16's allocation scheme constitutes a taking within the meaning of the Fourth Amendment to the United States Constitution.

22. While Defendants claim that the regulations' effects would be mitigated by participation in the Sector Management Program, this program is an unduly burdensome system whose costs will reduce all vessels below a financial break even point and will eventually bankrupt the fleet. Monitoring and observer requirements and costs are excessive and unnecessary.  Many of these measures will also be applied to non-sector vessels in the upcoming years, and for small vessels, monitoring costs may well exceed the gross value of their landings.

23. Amendment 16 also imposes new, unreasonable and unwarranted rebuilding requirements on stocks including, *inter alia*, southern new England winter flounder, which has resulted in unnecessary discard of this useable and abundant sub-stock at significant cost to participants in that fishery in violation of the FCMA.

24. In adopting Amendment 16, the Defendants failed to adequately disclose and evaluate reasonable alternatives to their favored action.  Defendants failed to adequately disclose

and evaluate environmental impacts of the program, including redirection of disenfranchised fishing effort to other fish stocks, and the impossibility of managing a the MFMP to the weakest stocks, eliminating any possibility of attaining Optimum Yield from the fishery. Defendants failed to adequately analyze impacts on the affected small businesses, fishing and coastal communities and other possible ways to mitigate costs and regulatory burden associated with Amendment 16.

## VENUE

25. Venue lies in this Court pursuant to 28 U.S.C. §1391(e). The Defendant Secretary of Commerce is an officer of the United States. A substantial portion of the Northeast Multispecies mixed trawl fishery lies seaward of the United States District Court for the District of Massachusetts. Furthermore, some plaintiffs reside, moor their vessels and land their fish in the Commonwealth of Massachusetts and the City of New Bedford is located within the District and is adversely affected by the regulations.

## REGULATORY BACKGROUND

26. In general, the FCMA places the responsibility with the Defendant and his designees at NOAA/NMFS for conserving and managing fish stocks under federal jurisdiction.

27. Under the FCMA, regional fishery management councils recommend measures to the Secretary's designees to conserve and manage fish stocks within each council's respective jurisdiction. *See* 16 U.S.C. §1852.

28. The Secretary's designees at NMFS are to evaluate a council's recommendation; approve, disapprove, or take steps to modify a council's recommendation; and then develop and implement the council's recommendation, if approved. *See* 16 U.S.C. §1854.

29. The New England Fishery Management Council has primary authority for recommending measures to the defendant Secretary to conserve and manage the Multispecies Fishery.

30. Regulations implementing the MFMP are set forth at 50 C.F.R. Part 648.

31. In that, over time, conservation and management needs change in a fishery, the Magnuson-Stevens Act and individual fishery management plans provide mechanisms to amend and modify a fishery management plan.

32. A fishery management council relies on committees of its members, agency scientists, industry and technical working groups, and input from the public generally in developing the conservation and management measures it recommends to the Defendant Secretary.

33. For instance, the NEFMC has constituted, among others, a Groundfish Oversight Committee comprised of a subset of its members assist in the development of Multispecies conservation and management measures.

34. Among other functions, the Groundfish Oversight Committee reviews scientific and economic information relating to the Multispecies fishery, obtains input from the various working and technical groups, and develops measures to conserve and manage these stocks for the full NEFMC's consideration.

35. On April 9, 2010, as explained above, the Defendant's designees promulgated regulations implementing the MFMP. *See* 75 Fed. Reg. 18262.

36. In the final rulemaking document, the agency failed to collect and analyze the pertinent economic data and information left them unable to even to attempt to complete the analyses of actual compliance costs, alternatives, and economic impacts that the RFA required them to make in a final regulatory flexibility analysis ("FRFA") under 5 U.S.C. §. 604.

## COUNT ONE

### (Magnuson-Stevens Act)

37. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

38. The Magnuson-Stevens Act provides that a fishery management regulation shall be set aside if it fails to conform with 5 U.S.C. §§706(2)(a), (B), (C), or (D).  *See* 16 U.S.C. §1855(f).

39. The APA, at Section 706(2), proscribes agency action that is:

    arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or] (D) without observance of procedure required by law….

40. In addition, the Magnuson-Stevens Act provides that "[a]ny fishery management plan prepared, and any regulation promulgated to implement any such plan, shall be consistent with [ten]…national standards for fishery conservation and management." 16 U.S.C. §1851(a).

41. The regulations implementing MFMP at issue herein represent "regulations," as that term is used in both 16 U.S.C. §§. 1855(f) and 1851(a).

42. Provisions of Amendment 16 fails to comply with the National Standards and other requirements of the FCMA and APA.

## COUNT TWO

### (APA)

43. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

44. The APA proscribes agency decision-making that represents an abuse of discretion and does not comply with statutory requirements.  5 U.S.C. §706(2).

45. Defendant, through his designees, has abdicated his statutory obligation to review in substance the NEFMC's recommendations for the MFMP.

## COUNT THREE

### (Due Process)

46. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

47. The United States Constitution provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, §1.

48. Amendment 16 takes certain property rights in the nature of fishing permits and imposes upon fishermen excessive cost and expense which deprive them of their property without due process of law or just compensation.

## COUNT FOUR

### (Regulatory Flexibility Act, as amended)

49. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

50. Plaintiffs' fishing operations and related businesses are "small entities" as that term is employed in the RFA's judicial review provisions, 5 U.S.C. §611(a)(1).

51. Defendant's designees have certified that the MFMP and its implementing regulations will have a significant economic impact on a substantial number of small entities." Defendant's designees have failed to assess the cumulative effect of the MFMP with other plans, and have understated the economic effect on small business.

52. Therefore, the RFA required the Secretary and his designees to complete an initial regulatory flexibility analysis (IRFA) which describes any significant alternatives to the proposed rule which "accomplish the stated objectives of applicable statutes and which

minimize any significant economic impact of the proposed rule on small entities." 5 U.S.C. §603(c).

53. The failure to complete an IRFA that considered the challenged restrictions and requirements and thereafter to solicit public comments on that IRFA precluded the Defendant's designees from completing an adequate final regulatory flexibility analysis, including an analysis of potential alternatives developed through the IRFA process, as required by the RFA, 5 U.S.C. §604.

## COUNT FIVE

## (NEPA)

54. Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

55. The National Environmental Policy Act, 42 USC § 4321, et seq requires the Agency to assess the impact of regulatory actions on the environment, including the human environment. The Agency failed, *inter alia,* to comply with NEPA and to assess alternatives for mitigating negative impact of Amendment 16 on the human environment. Defendants' actions will permanently and unlawfully modify a centuries' old traditional way of life for the sake of an Agency's regulatory convenience, displacing fishermen, their communities and undermining cultural values in a manner inconsistent with the applicable law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully seek an Order of this Court:

1. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that Amendment 16 was established by the Secretary and his designees in a manner that was arbitrary, capricious, an abuse of discretion, and not in accordance with

law (the Magnuson-Stevens Act, the APA, the United States Constitution, the National Environmental Policy Act and the Regulatory Flexibility Act), in excess of statutory jurisdiction, authority, or limitations, and short of statutory right conferred by the above-referenced law;

2. Compensating Plaintiffs for losses suffered by the actions of the Defendants;

3. Declaring that the regulations implementing Amendment 16 to the Multispecies Fishery management Plan were promulgated in violation of the Regulatory Flexibility Act, as amended, and suspending these restrictions' applicability to small entities, pursuant to 5 U.S.C. §611(a)(4)(B);

4. Ordering the Defendant to conduct a full Regulatory Flexibility Analysis which takes into account the cumulative effect of all fishery management plans, rather than looking solely at the effect of one individual plan;

5. Awarding Plaintiffs their costs and attorneys' fees as appropriate pursuant to the Equal Access to Justice Act;

6. Enjoining the Defendants from enforcing specific provisions of Amendment 16;

7. Scheduling a hearing on the merits as soon as is practicable pursuant to 16 USC sec. 1855 (f)(4); and

8. Granting such other relief as is just and proper.

Respectfully submitted,
Plaintiffs,
By their attorneys,

*/s/ Stephen M. Ouellette*  
Stephen M. Ouellette, Esquire  
BBO No.: 543752  
OUELLETTE & SMITH  
127 Eastern Ave., Suite 1  
Gloucester, MA 01930  
Tel:  (978) 281-7788  
Fax:  (978) 281-4411  
stephen.ouellette@fishlaw.com

*/s/ Pamela Lafreniere*  
Pamela Lafreniere, Esquire  
BBO No.: 553853  
888 Purchase Street  
Suite 217  
New Bedford, MA 02740  
Tel:  (978) 979-5911  
Fax:  (978) 993-3117  
pamelalafreniere@verizon.net