# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

THE CITY OF NEW BEDFORD, et al.,

    Plaintiffs,

        v.

GARY LOCKE, et al.,

    Defendants.

LOVGREN, et al.,

    Plaintiffs,

        v.

GARY LOCKE, et al.,

    Defendants.

1:10-cv-10789-RWZ

**Federal Defendants' Opposition to Food & Water Watch, Inc.'s Motion To Intervene As Plaintiff, Docket No. 37**

## I.    INTRODUCTION

Food & Water Watch, Inc. ("FWW") has moved the Court to allow it to intervene as a

plaintiff.  Docket No. 37, "Motion".  Because FWW's proposed Complaint challenges

regulations promulgated under the Magnuson-Stevens Fishery Conservation and Management

Act ("Magnuson-Stevens Act") more than 30 days after the National Marine Fisheries Service

("NMFS") published those regulations, FWW's claims are time barred, and FWW's Motion

should be denied.

## II.   BACKGROUND

In May 2010, several businesses, individuals, municipalities, and organizations involved

in the fishing industry filed the present action to challenge regulations promulgated in April that

implemented Amendment 16 to the Northeast Multispecies Fishery Management Plan

("NEFMP"). 75 Fed. Reg. 18,262 (Apr. 9, 2010) ("Amendment 16").[1]  On August 3, the Court

consolidated this action with another, similar case pending in the District of New Jersey brought

by James Lovgren, an allegedly aggrieved fisherman. This Court held an initial status conference

on September 9th, during which the parties proposed a preliminary briefing schedule and

discussed the administrative record and discovery-related matters. Now, two months after

consolidation and six months after the regulations' promulgation, FWW moves to intervene as a

---

[1] As FWW notes, several other related implementing regulations were issued at the same time.
Mot. at 2. NMFS issued three separate but closely related rules to implement Amendment 16 in
fishing year 2010:  (1) fishing year 2010 sector operation plans and contracts, 75 Fed. Reg.
18,113 (Apr. 9, 2010); (2) Amendment 16 to the NEFMP; and (3) Framework Adjustment
("FW") 44, 75 Fed. Reg. 18,356 (Apr. 9, 2010).  For ease of reference, Federal Defendants (and
FWW) refer collectively to these rules as "Amendment 16."

plaintiff and submits a proposed Complaint to challenge NMFS' partial approval of Amendment 16.

FWW is a national non-profit organization, incorporated in D.C., that seeks to protect the environment, as well as the viability of coastal and fishing communities. Proposed Compl. by FWW ¶ 7, Docket No. 38-1.  According to FWW, its members include those involved in the fishing industry in New England, New York, and New Jersey, as well as conservationists and consumers. *Id.*  In its proposed Complaint, FWW alleges that NMFS: (1) inadequately analyzed Amendment 16's environmental impacts as required by the National Environmental Policy Act ("NEPA"); (2) failed to submit the Amendment to a referendum as required by the Magnuson-Stevens Act; and (3) failed to assess the Amendment's socioeconomic impacts, also as required by the Magnuson-Stevens Act.  *Id.* at ¶¶ 71-77.  FWW asks this Court to enjoin the management program established under Amendment 16 until Federal Defendants address these deficiencies. *Id.* at 14-15.  Because FWW should have filed its Motion and Complaint months earlier to comply with the statutory deadlines of the Magnuson-Stevens Act, its Motion is untimely and must be denied.

## III.   ARGUMENT

### A.   FWW's Motion should be denied because the claims in its Complaint are barred by the Magnuson-Stevens Act's statute of limitations.

On timely motion, a court must permit anyone to intervene as of right who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2); *R&G Mortgage Corp. v. Federal Home Loan Mortgage Corp.*, 584 F.3d 1, 7 (1st Cir.

2009); *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998). An applicant for intervention as of right must satisfy each requirement imposed by Rule 24 and, therefore, a district court must deny an applicant's motion if it is untimely.  *See NAACP v. New York*, 413 U.S. 345, 365-66 (1973); *R&G Mortgage Corp.*, 584 F.3d at 7 (citing *Patch*, 136 F.3d at 204). Additionally, a district court, in its discretion, may allow permissive intervention if the applicant files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Here, FWW seeks intervention as of right or, in the alternative, permissive intervention, but its Motion must be denied as it has failed to comply with the applicable statute of limitations.

FWW's Motion is late, the Court has no jurisdiction over FWW's proposed Complaint, and, therefore, its Motion must be denied. Courts deny motions to intervene when the potential intervenors' claims are barred by the applicable statute of limitations. *See, e.g.*, *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 26 (1st Cir. 1990) (considering the applicable statute of limitations for claims in the intervenors' proposed complaint when evaluating the timeliness of a motion to intervene);[2] *Bridges v. Department of Md. State Police*, 441 F.3d 197, 213 (4th Cir. 2006) (denying a Rule 24 motion to intervene because the would-be plaintiffs' claims were time barred, without calling the motion "untimely" under the Rule 24 test for timeliness); *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) (affirming denial of motion to intervene because intervenors attempted to assert time-barred claims, without discussing Rule 24 timeliness factors); *EEOC v. Domino's Pizza*, 870 F. Supp. 655, 657 (D. Md. 1994) (denying in

---

[2] In general, the Rule 24 timeliness inquiry is a fact-based determination that requires a court to examine how long an applicant knew its interest in the litigation was imperiled before it moved to intervene, prejudice to existing litigants and the intervenor, and the status of the litigation at the time of the request. *See, e.g.*, *R&G Mortgage Corp.*, 584 F.3d at 7; *Negron-Ameda v. Santiago*, 528 F.3d 15, 22 (1st Cir. 2008).

part a would-be intervenor's motion because she attempted to bring several common-law claims

that were time barred).[3]  Here, FWW's Motion should be denied because its claims are barred by

the statute of limitations of the Magnuson-Stevens Act.

Judicial review of FWW's challenge to the regulations implementing Amendment 16 is

governed by the Magnuson-Stevens Act.  16 U.S.C. § 1855(f).  FWW's Complaint includes

allegations that Federal Defendants failed to satisfy their responsibilities under the Magnuson-

Stevens Act with regard to the rule implementing Amendment 16.  Proposed Compl. by FWW ¶¶

71-74.  FWW also brings a NEPA challenge to the Amendment 16 program, *id.* ¶¶ 75-77, which

is characterized properly as a challenge to the promulgation of the Amendment 16 regulations

under the Magnuson-Stevens Act.  *See, e.g.*, *Turtle Island Restoration Network v. U.S. Dep't of

Commerce*, 438 F.3d 937, 945 (9th Cir. 2006).  Under the Magnuson-Stevens Act, a plaintiff

must bring its petition for review **within 30 days** of the promulgation of the regulations, that is,

when they are published in the Federal Register.[4]  16 U.S.C. § 1855(f); *Turtle Island*, 438 F.3d at

---

[3] Courts are unsettled about the terminology used to deny motions to intervene because of an
expired statute of limitations. In addition to calling these motions "untimely," some courts deny
motions to intervene asserting time-barred claims for reasons of "futility," or because the
proposed intervenors failed to bring a "legally sufficient" claim. *See, e.g.*, *Educational Credit
Management Corp. v. Bradco, Inc.*, C.A. No. 07-2418-DJW, 2008 WL 2066993, at *4 (D. Kan.
May 14, 2008); 7C Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1914
(2010 Supp.).

[4] The Magnuson-Stevens Act allows a petitioner to challenge the underlying regulations if it files
a petition within 30 days of an "action … published in the Federal Register," 16 U.S.C. §
1855(f)(1), where "actions" are those "taken by the Secretary under regulations which implement
a fishery management plan, including but not limited to actions that establish the date of closure
of a fishery to commercial or recreational fishing." 16 U.S.C. § 1855(f)(2); *Gulf Fishermen's
Ass'n v. Gutierrez*, 529 F.3d 1321, 1323-24 (11th Cir. 2008); *Oregon Trollers Ass'n v. Gutierrez*,
452 F.3d 1104, 1112-16 (9th Cir. 2006).  The action at issue clearly falls within this definition of
actions subject to the statue of limitations.

943-44.  The Act's provisions are jurisdictional and must be strictly construed.[5]  *See, e.g., Sea Hawk Seafoods, Inc. v. Locke*, 568 F.3d 757, 765 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 1522 (2010); *Turtle Island*, 438 F.3d at 945; *Blue Water Fishermen's Ass'n v. NMFS*, 158 F. Supp. 2d 118, 122 (D. Mass. 2001).  The limited-review provision is part of a carefully designed statutory plan:  Congress provided specific time periods for each stage of the fishery management rulemaking process to allow challenges to fishery management plans to be swiftly addressed so that the plans could achieve a continuing optimum yield from each fishery.  *See, e.g.*, *Turtle Island*, 438 F.3d at 947-48.  FWW's Motion, filed this month, challenges regulations that were published April 9, 2010.  The claims in its proposed Complaint are therefore time barred, and the Court lacks jurisdiction to address them.[6]  FWW's Motion is futile.

Federal Rule 24 does not contain any provision allowing an intervenor's proposed complaint to "relate back" to the filing date of the original complaint.  *Cf.* Fed. R. Civ. P. 15(c); 17(a).  Consequently, if a motion to intervene is filed proffering a complaint with expired claims, the motion should be denied.  *See, e.g.*, *Fleming*, 922 F.2d at 26 (also noting that a motion to intervene five years after the suit commenced would prejudice the defendants who had spent significant effort on merits briefing); *Bridges*, 441 F.3d at 213; *Smith v. Pennington*, 352 F.3d 884, 895-96 (4th Cir. 2003); *see also* 7C Wright & Miller § 1916.

Even though Rule 24 does not contain a relation-back provision, some courts have held that an intervenor's claims related back to the filing of the initial complaint, because:  (1) the

---

[5] Intervention does not create jurisdiction.  *See* Fed. R. Civ. P. 82; 7C Wright & Miller § 1917 (2010 Supp.).

[6] While the Conservation Law Foundation filed its Motion to Intervene in July, it filed its Motion as an intervenor-defendant and therefore did not file a petition for review seeking invalidation of the regulations.  Intervenor's Answer, Docket No. 9-4, July 9, 2010.  Federal Defendants took no position on that Motion, which the Court granted pursuant to Fed. R. Civ. P. 24(b).  Endorsed Order Granting Motion to Intervene Pursuant to Rule 24(b), Sept. 7, 2010.

intervenor was the real party in interest; (2) there was no prejudice to the defendant; (3) the intervenor sought to intervene as soon as it became aware of the case; and (4) the intervention would not introduce new issues to the case. *See, e.g.*, *Cummings v. United States*, 704 F.2d 437, 439-41 (9th Cir. 1983) (discussing other out-of-circuit cases allowing relation-back in other cases involving insurers as subrogees). These courts essentially apply Federal Rule 17(a)'s relation-back principles as if the court were joining the real party in interest. *See Cummings*, 704 F.2d at 439.[7]  In its Motion, FWW explains that its interests and claims diverge from Plaintiffs'. *See* FWW Mot. at 12-17.[8]  Consequently, FWW may not benefit from Plaintiffs' timely filed action.

Moreover, there is no reason for the Court to allow FWW to perform an end run around the Magnuson-Stevens Act's statute of limitations.  FWW is an experienced Magnuson-Stevens Act litigant, Mot. at 18 n.10., and knew or should have known about the 30-day statutory deadline.  FWW appears to have known when the regulations were promulgated but decided to

---

[7] Although one court addressing a Magnuson-Stevens Act case has allowed an intervenor's complaint to relate back to the original complaint, like the other Rule 24, relation-back cases, the court explained that the intervenors were the real parties in interest. *See New York v. Gutierrez*, No. 08-cv-2503, 2008 WL 5000493 at *13 (E.D.N.Y. Nov. 20), *overruled in part on other grounds sub. nom. New York v. Atlantic States Marine Fisheries Comm'n*, 609 F.3d 524 (2d Cir. 2010).  In that case, fishing-industry interests sought to intervene in a challenge to a fishery management plan amendment after the 30-day statute of limitations had run already.  They were allowed to intervene because:  (1) the suit was brought originally by the State of New York on their behalf (as *parens patriae*), and thus they were the real parties in interest and their claims related back to the original complaint; (2) the motion was timely because it was filed less than one month after the action began; and (3) the defendants did not argue that they would be prejudiced by the complaint in intervention.  2008 WL 5000493 at *13.  In contrast, in the present action, no state, or other entity that purports to represent FWW, is a plaintiff in this lawsuit, and FWW has not argued that it is the real party in interest.

[8] FWW notes that the consolidated New Jersey Plaintiffs also challenge Federal Defendants' failure to conduct a referendum before implementing the Amendment.  Mot. at 14. Consequently, it appears that some of the concerns of FWW are advanced by the existing Plaintiffs and that FWW, like Plaintiffs, purports to speak on behalf of part of the fishing industry.

delay its Motion.  FWW's Director for the Fish Program testifies via declaration that FWW

"waited to determine if the case in New Jersey and Massachusetts would be consolidated, so that

the organization would not have to submit two motions unnecessarily."  Marianne Cufone,

Director of the Fish Program of FWW Decl. ¶ 7, Docket No. 38-2.  The Court granted Federal

Defendants' Motion to Consolidate in August.  Order on Defs. Mot. To Consolidate, Docket No.

19, Aug. 3, 2010.  FWW's attempt to justify its delay does not provide an excuse for failing to

meet a statutorily mandated deadline, nor does it provide the Court any reason to grant its

Motion.  Indeed, FWW could have filed easily duplicate motions in this case and the now-

consolidated New Jersey action and requested that the Courts delay addressing the motions to

intervene until the motions to consolidate were decided.  FWW's Motion should be denied.

     **B.**    **Federal Defendants take no position on the remainder of FWW's arguments.**

     Although FWW's Motion should be denied because the Court lacks jurisdiction over

FWW's claims due to the applicable statute of limitations, Federal Defendants take no position

on the remainder of FWW's arguments regarding the other Federal Rule 24(a) or (b)

requirements.

**IV.    CONCLUSION**

For all of the reasons discussed above, Food & Water Watch, Inc.'s Motion to Intervene

As Plaintiff (Docket No. 37) should be denied.

Respectfully submitted this 22nd day of October, 2010,

IGNACIA S. MORENO, Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Acting Section Chief

/s/ Andrea E. Gelatt

ANDREA E. GELATT (Cal. Bar No. 262617)
JAMES A. MAYSONETT
BRADLEY H. OLIPHANT
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7369
Washington, D.C. 20044-7369
Tel:  (202) 305-0388 | Fax:  (202) 305-0275
Email:  andrea.gelatt@usdoj.gov
Counsel for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served today via the Court's CM/ECF system on all counsel of record.

 /s/ Andrea E. Gelatt

ANDREA E. GELATT